TORRUELLA, Circuit Judge
(Concurring).
I join the court’s opinion in full but write separately to note my disagreement with the state of our Commerce Clause jurisprudence.
It seems counterintuitive that interstate commerce is affected when Joubert purchases a VHS videotape in New Hampshire, records on the VHS videotape in New Hampshire, and neither sells nor attempts to sell the VHS videotape outside of New Hampshire. Indeed, the only argument in support of a connection to interstate commerce is that, in aggregate, this type of behavior has an effect on interstate commerce. This borders on the farcical, as the evidence, suggests that the content of the videotape was made exclusively for Joubert’s own personal- use. Any commonsense understanding of “interstate commerce” excludes the conduct at issue here. .
Yet, as the court correctly notes, and Joubert himself concedes,' this court and most (if not all) of the. other circuits have found this connection perfectly acceptable, and thus constitutional. See ante, at 255-, 56 (collecting cases from other, circuits), This “link” to interstate commerce, which is tenuous at best; also effectively gives the federal government unlimited jurisdiction, since there is very little in today’s society that, when aggregated, would have no impact on interstate commerce. -We have put aside common sense in order to federalize conduct which we believe needs to be punished.
Let there be no doubt: I am in full agreement that the behavior Joubert was convicted of must be punished, and punished harshly. This, punishment, however, should be meted, out by the state under its., plenary police power, and not by the federal government with its.limited jurisdictional reach.[5] See United States v. López, 514 U.S. 549, 552, 115 S.Ct. 1624, 131 L.Ed.2d, 626 (1995) (“The powers delegated by the proposed Constitution to the federal government are few and defined. Those which are to remain in the State governments are numerous and indefinite.” (quoting The Federalist No. 45, at 292-93 (James Madison) (Clinton' Rossiter ed., 1961))).
*258 Recent Supreme Court cases suggest a push in this direction. See, e.g., Nat’l Fed’n of Indep. Bus. v. Sebelius, — U.S. -, 132 S.Ct. 2566, 2589,183 L.Ed.2d 450 (2012) (Roberts, CJ.) (rejecting Congress’s ability to enact the Affordable Care Act under the Commerce Clause, and noting that “[wjhile Congress’s authority-under the Commerce Clause has of course expanded with the growth of the national economy, our cases have ‘always recognized that the power to regulate commerce, though broad indeed, has limits’ ” and that the government’s theory would “reach beyond the natural extent of its authority, ‘everywhere extending the sphere of its activity and drawing all power into its impetuous vortex’” (quoting Maryland v. Wirbz, 392 U.S. 183, 196, 88 S.Ct. 2017, 20 L.Ed.2d 1020 (1968)) and The Federalist No. 48, at 309 (James Madison) (Clinton Rossiter Ed., 1961), respectively). United States v. Morrison, 529 U.S. 598, 617-18, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000) (“We accordingly reject the argument that Congress may regulate noneconomic, violent criminal conduct based solely on that conduct’s aggregate effect on interstate commerce. The Constitution requires a distinction between what is truly national and what is truly local.”); López, 514 U.S. at 567, 115 S.Ct. 1624 (“Respondent was a local student at a local school; there is no indication that he had recently moved in interstate commerce, and there is no requirement that his possession of the firearm have any concrete tie to interstate commerce.”). Given this trend of narrowing the reach of the Commerce Clause, I believe this court should reevaluate its precedents and lead the return to a more faithful reading of the term “interstate commerce.”

. This is not a situation where if the federal government did not have jurisdiction, the crime would go unpunished. The investigation began with police in York, Maine, and it continued as a joint state/federai task force. I have little doubt that had the FBI not been involved and had not brought these federal charges, state prosecutors would have brought charges.